# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

BRIAN L. WILKERSON

CRIMINAL

NO. 08-05-JWD-RLB

## RULING AND ORDER

This matter is before the Court on the *Motion to Vacate and/or Reduce Sentence Pursuant to 28 U.S.C. § 2255* ("*Motion*") filed by Defendant, Brian L. Wilkerson. (Doc. 84.) The Government filed an *Opposition to Defendant's Motion to Vacate, Set Aside or Correct Sentence*. (Doc. 87.) A hearing is not necessary. Having reviewed the arguments of the parties, the relevant facts, the law, and for the reasons explained below, the Court will deny the *Motion*.

## BACKGROUND

Mr. Wilkerson was sentenced on February 4, 2010 to serve 87 months for possession with the intent to distribute 3,4-methylenedioxymethamphetamine ("ecstasy") and a consecutive 60 months term for carrying a firearm during and in relation to the drug trafficking crime. (Doc. 67.) Mr. Wilkerson's plea agreement waived his right to collaterally attack his conviction and sentence except regarding a claim for the ineffective assistance of counsel. (Doc. 61.)

Mr. Wilkerson appealed the Honorable Judge Tyson's denial of the *Motion to Suppress Search of Vehicle* (Doc. 11). (Doc. 65.) The Fifth Circuit affirmed the denial. (Doc. 76) On October 21, 2015, Mr. Wilkerson's sentence was reduced from 147 months to 130 months. (Doc. 82.) On April 26, 2017, Mr. Wilkerson filed the instant *Motion*. (Doc. 84.)

## DISCUSSION

Mr. Wilkerson seeks review of his sentence under 28 § 2255. (Doc. 84-1 at 1.) Mr. Wilkerson argues that the Supreme Court in *Dean v. United States*, 137 S. Ct. 1170 (2017)

1

recognized that the 3553 factors are applied to the aggregate crimes he was sentenced to rather than only the predicate drug crime. (*Id.* at 3.) Mr. Wilkerson contends that the holding in *Dean* applies retroactively to allow him to collaterally attack his sentence. (*Id.* at 2-3.)

The Government opposes the *Motion*. (Doc. 87.) The Government states that the holding in *Dean* is not retroactively applied on collateral review. (*Id.* at 2.) Therefore, the Government argues that the *Motion* is untimely because it was not filed within a year of his conviction and sentence. (*Id.* at 3.) The Government also maintains that Defendant is procedurally barred from collaterally attacking his sentence. (*Id.*) Finally, the Government states that because Defendant waived his right to collaterally attack his sentence, the Court should deny his motion. (*Id.*)

  a. <u>*Dean v. United States* is not retroactively applicable on collateral attack.</u>

Examining whether the Supreme Court's holding in *Dean* applied retroactively to cases on collateral review, the Ninth Circuit explained:

> Generally, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (plurality opinion). An exception exists, however, if "the Supreme Court holds [the new rule] to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, 121 S. Ct. 2478, 150 L.Ed.2d 632 (2001).
>
> The Court has held that new substantive rules of constitutional law—rules that "alter[ ] the range of conduct or the class of persons that the law punishes"—apply retroactively to cases on collateral review. *Welch v. United States*, ––– U.S. –––, 136 S. Ct. 1257, 1264–65, 194 L.Ed.2d 387 (2016) (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353, 124 S. Ct. 2519, 159 L.Ed.2d 442 (2004)). New constitutional rules of criminal procedure, by contrast, generally do not apply retroactively to cases on collateral review. *Teague*, 489 U.S. at 310, 109 S.Ct. 1060. An exception exists, however, for "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Tyler*, 533 U.S. at 665, 121 S. Ct. 2478 (citation omitted). "To fall within this exception, a new rule must meet two requirements: Infringement of the rule must 'seriously diminish the likelihood of obtaining an accurate conviction,' and the rule must 'alter our understanding of the *bedrock procedural elements*' essential to the fairness of a proceeding." *Id.* (quoting *Sawyer v. Smith*, 497 U.S. 227, 242, 110 S. Ct. 2822, 111 L.Ed.2d 193 (1990)).

2

> [The defendant] contends that *Dean* announced a substantive rule because it "altered the 'substantive reach' of § 924(c) by making clear that the consecutive mandatory minimum sentence imposed under its terms ... must be part of the overall 'sufficient, but not greater than necessary' sentence" under § 3553(a). That argument fails, however, because *Dean*'s rule is permissive, not mandatory: When sentencing a defendant for a predicate offense, a court *may*, but need not, consider the separate mandatory minimum sentence required by § 924(c). *Dean*, 137 S. Ct. at 1177. That rule does not " 'forbid[ ] criminal punishment of certain primary conduct' " or " 'prohibit[ ] a certain category of punishment for a class of defendants because of their status or offense.' " *Montgomery v. Louisiana*, ––– U.S. ––––, 136 S. Ct. 718, 728, 193 L.Ed.2d 599 (2016) (quoting *Penry v. Lynaugh*, 492 U.S. 302, 330, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989)).
>
> At oral argument, [the defendant] tried to draw an analogy between the rule announced in *Dean* and the rule in *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012)—the latter of which the Court has held to be retroactive to cases on collateral review. But *Miller* is distinct from *Dean* in several respects. Most importantly, whereas the Court expressly made *Miller*'s rule retroactive in *Montgomery*, the Court has not expressly made *Dean*'s rule retroactive. *See* 136 S. Ct. at 735. In addition, *Miller*'s substantive rule prohibited a sentence of life without the possibility of parole "for 'a class of defendants because of their status'—that is, juvenile offenders whose crimes reflect the transient immaturity of youth." *Montgomery*, 136 S. Ct. at 734 (quoting *1246 *Penry v. Lynaugh*, 492 U.S. 302, 330, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989)). *Dean*, in contrast, did not prohibit or restrict the sentences of defendants convicted of predicate offenses and § 924(c) offenses; it only stated that the sentencing court may consider the separate mandatory minimum sentence required by § 924(c) when sentencing a defendant for the predicate offense. *See* 137 S. Ct. at 1177.
>
> Nor has [the defendant] demonstrated that the Court has made *Dean* retroactive under the exception for watershed rules of criminal procedure. The Court could do so explicitly or through a combination of holdings from multiple cases that "logically dictate[s]" the conclusion that *Dean*'s rule falls within the exception. *See Tyler*, 533 U.S. at 666–67, 121 S.Ct. 2478. *Dean* itself did not explicitly state that its rule applies retroactively, and Garcia has not identified any combination of Supreme Court holdings that logically dictates *Dean*'s retroactivity.
>
> [The defendant] has failed to make the requisite prima facie showing that the Court has made *Dean* retroactive to cases on collateral review. Accordingly, he does not satisfy the requirements of § 2255(h)(2).

*Garcia v. United States*, 923 F.3d 1242, 1244–46 (9th Cir. 2019); *see also In re Dockery*, 869 F.3d 356 (5th Cir. 2017) ("[The defendant] does not assert that his claims rely on newly

discovered evidence, nor has he made a prima facie showing that *Dean* announced a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court.") (citing § 2255(h)(2); *In re Tatum*, 233 F.3d 857, 859 (5th Cir. 2000)); *Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) ("[T]he question on which the appeal turns [is]—whether *Dean* applies retroactively to cases on collateral review. Because we conclude that it does not, our analysis ends there.").

The Court agrees that *Dean* does not apply retroactively to cases on collateral review. Because *Dean* does not apply retroactively to cases on collateral review, the limitation period in § 2255(f)(2) does not apply in this case. 28 U.S.C. § 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under § 2255(f)(1), the limitation period would normally run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2255(f). A conviction is final when a judgment of conviction has been rendered, the availability of appeal has been exhausted, and the time for a petition for certiorari has elapsed or a petition for certiorari is finally denied. *Griffith v. Kentucky,* 479 U.S. 314, 321 n. 6, 107 S. Ct. 708, 712 n. 6 (1987).

4

The Supreme Court has held that a conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States,* 537 U.S. 522, 527, 123 S. Ct. 1072 (2003). Under Supreme Court Rule 13(3), the 90–day period to file a petition for writ of certiorari from the judgment of a court of appeals ordinarily runs from the date that the court issues an opinion announcing the ruling. *United States v. Petty,* 530 F.3d 361, 365 (5th Cir. 2008). However, if a petition for rehearing is timely filed in the appeals court by any party, then the time for all parties to file a certiorari petition runs from the date of the denial of rehearing. SUP.CT.R. 13(3).

Mr. Wilkerson's conviction became final on April 13, 2011 more than one year prior to April 26, 2017. As such, his motion is untimely and must be denied.

## CONCLUSION

Accordingly,

IT IS ORDERED that *Motion to Vacate and/or Reduce Sentence Pursuant to 28 U.S.C. § 2255* (Doc. 84) is DENIED.

Signed in Baton Rouge, Louisiana, on July 20, 2020.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**